# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary N. Gordon, Esquire,      :
                    Appellant   :
                            :
           v.            :   No. 866 C.D. 2019
                            :   SUBMITTED:  May 11, 2020
Selinsgrove Borough          :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED:  June 4, 2020**

      Zachary N. Gordon, Esquire (Requester), appeals from the order of the Court of Common Pleas of the 17th Judicial District (Snyder County Branch) denying the disclosure of some of the documents sought from the Borough of Selinsgrove under a Right-to-Know Law[1] (RTKL) request.  Requester also appeals from the trial court's failure to consider his request for attorney's fees.  We vacate the trial court's order and remand this matter for further action.

      On August 24, 2018, Requester filed a RTKL request with the Borough seeking the release of the following categories of documents (Items 1 through 7):

> 1.    For the time period of May 1, 2018 through the date of this request provide all emails or other communications sent or received by any Selinsgrove Borough Employee, including Borough Police Officers, where Pattie Schreffler or Todd Schreffler are the sender or receiver of the email or other communications.

---

[1] Right-to-Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 - 67.3104.

2. For the time period of May 1, 2018 through the date of this request provide all emails or other communications sent or received by any Selinsgrove Borough employee, including Borough Police Officers, where Bo Trawitz is the sender or receiver of the email or other communication.

3. All communications, emails, correspondence, or other records during the time period of May 1, 2018 through the date of this request that refers [sic] to Vincent B. Stoops whether sent or received by any Selinsgrove Borough Employee, including Borough Police Officers.

4. A copy of all time response logs related to every 911 call involving Vincent B. Stoops during the period of May 1, 2018 through the date of this request.

5. A copy of all policies and/or procedures the Selinsgrove Borough Police Department use [sic] to determine whether to press charges against an individual.

6. All emails sent or received by Officer Francis W. Petrovich during the time period of May 1, 2018 through the date of this request.

7. All logs, records, or other documentation related to citation number R 2233638-1.

(Reproduced Record "R.R." at 42a-43a.)

On August 31, 2018, the Borough denied the RTKL request in full. Items 1 through 4, 6, and 7 were denied as exempt under Section 708(b)(16)[2] of the

---

[2] Section 708(b)(16) of the RTKL provides in relevant part as follows:

(b) Exceptions.--Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

. . . .

2

RTKL as relating to or resulting in a criminal investigation.  (R.R. at 45a.)  Item 5 was denied under Section 705[3] of the RTKL as not in the possession, custody, or control of the Borough.  (*Id.*)

---

(16) A record of an agency relating to or resulting in a criminal investigation, including:

(i) Complaints of potential criminal conduct other than a private criminal complaint.

(ii) Investigative materials, notes, correspondence, videos and reports.

(iii) A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.

(iv) A record that includes information made confidential by law or court order.

(v) Victim information, including any information that would jeopardize the safety of the victim.

(vi) A record that, if disclosed, would do any of the following:

(A)    Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.

(B)    Deprive a person of the right to a fair trial or an impartial adjudication.

(C)    Impair the ability to locate a defendant or codefendant.

(D)    Hinder an agency's ability to secure an arrest, prosecution or conviction.

(E)    Endanger the life or physical safety of an individual.

65 P.S. § 67.708(b)(16).

[3] Section 705 of the RTKL provides as follows:

When responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record.

65 P.S. § 67.705.

Requester appealed the denial to the Snyder County Office of District Attorney (District Attorney), which on October 10, 2018, issued a determination denying the request in full on largely the same grounds as the Borough, although Item 4 was denied under Section 705 of the RTKL rather than Section 708(b)(16). (R.R. at 47a-49a.) Attached to the District Attorney's denial was an attestation from the Borough's open records officer stating that the records requested were either exempt or not in the Borough's possession, consistent with the District Attorney's determination. (R.R. at 50a.)

Requester filed a timely petition for review of the District Attorney's determination with the trial court. In his petition, Requester asked that the trial court (1) find that the District Attorney erred by denying Requester's appeal of the Borough's decision and requested an order directing the Borough to provide responsive records to the RTKL request or, in the alternative, provide a privilege log; (2) find that the District Attorney erred by stating that the appeal of his decision should be filed with the Commonwealth Court; (3) find the District Attorney erred by holding *ex parte* interviews; (4) find the District Attorney erred by reviewing and relying upon facts not submitted by the parties; and (5) grant other relief deemed appropriate by the trial court. Requester did not further pursue Items 4 and 5 of the RTKL request in his petition. The Borough filed an answer requesting that the petition be denied and the District Attorney's decision be affirmed.

Upon Requester's motion, the trial court scheduled a pre-trial conference for February 13, 2019. Shortly after the conference, on February 15, 2019, the trial court entered an order directing the Borough to prepare a privilege log within twenty days. The trial court ordered that the privilege log be sealed and that the Borough indicate which information was to be provided. Counsel agreed to the

4

entry of this order and no issues were raised following the order's issuance. (Trial Court Op., Sept. 13, 2019, at 2.)

The Borough filed privilege logs on March 7, 2019, consisting of 364 documents. These documents are divided between two privilege logs, but one privilege log is separated into two sets of separately numbered documents addressing differing Items in the RTKL request. First is the privilege log of Selinsgrove Borough (Borough Privilege Log), with documents numbered 1 through 19 (R.R. at 170a-73a). The privilege log of the Selinsgrove Borough Police Department (Police Department Privilege Log), as stated, is separated into two parts. The first part of the Police Department Privilege Log deals with emails numbered 1 through 20 and addresses Items 1 through 3 of the request. (R.R. at 174a-80a.) The second part of the Police Department Privilege Log deals with emails numbered 1 through 305 and addresses Item 6 of the request. (R.R. at 181a-200a.) The Police Department responded to Item 7 by producing the investigation report in total, and Requester stated that nothing further was needed. (R.R. at 201a-18a, 234a.)

In addition to the grounds raised previously, the Borough raised exemptions under RTKL Section 708(b)(2), (4), (5), (8), and (17),[4] 65 P.S. § 67.708(b)(2), (4), (5), (8), and (17). (R.R. at 171a -200a). Requester filed a response to the privilege logs' filing agreeing to forego the record asserted to be exempt under Section 708(b)(5) of the RTKL, and asking the trial court to order disclosure of the other records and to award counsel fees to Requester. On April 29, 2019, the trial

---

[4] Briefly stated as they pertain to this case, Section 708(b) provides for exemptions relating to: paragraph (2), law enforcement records that if disclosed would be reasonably likely to threaten public safety; paragraph (4), computer records reasonably likely to jeopardize public safety; paragraph (5), medical records of individuals; paragraph (8), labor relations, collective bargaining, and arbitration records; and paragraph (17), records relating to a noncriminal investigation. 65 P.S. § 67.708(b)(2), (4), (5), (8), and (17).

5

court entered an order scheduling a hearing on Requester's response, allotting one and one-half hours on May 31, 2019. On May 20, 2019, the Borough filed affidavits of the Borough police chief and manager as well as an answer opposing Requester's response to the privilege logs.

The time allotted for the May 31, 2019 hearing proved insufficient and testimony was not concluded. Thus, the trial court entered an order scheduling a further hearing for September 25, 2019. On June 14, 2019, Requester filed a motion for expedited hearing.

Subsequent to Requester's motion for an expedited hearing, the trial court undertook an *in camera* review of all documents at issue and, as a result of that review, entered an order on June 27, 2019, regarding the disclosure or non-disclosure of all records at issue.[5] The trial court found with respect to Items 1 through 3 and 6 of the request that the Borough must release certain items. (Trial Court Order, June 27, 2019, ¶¶ 1, 6.) The trial court found that several records need not be released because they post-dated the request (*id.* ¶ 2); that other records did not need to be disclosed because they "only contain information directly related to" secure criminal justice information networks (*id.* ¶ 3); that other records did not need to be released pursuant to Items 1 through 3 because the request for these items was withdrawn by Requester (*id.* ¶ 4); that other records in Items 1 through 3 did not need to be released because they were exempt from public access for reasons of

---

[5] The trial court explained its decision to review the documents *in camera* as follows. In reviewing Requester's motion for expedited hearing, the trial court noted that a substantial amount of time had passed since Requester's filing of the petition for review and his initial request to the Borough, and agreed that expedited relief was appropriate. Due to the trial court's calendar and the fact that Snyder County had only a single judge assigned to handle all cases, the trial court determined that an *in camera* review of all documents was the most expeditious way to resolve the issues. This was discussed during the pre-trial conference as one of the options the trial court was considering. (Trial Court Op. at 4 n.2.)

privilege cited by Borough (*id.* ¶ 5); that other documents need not be released because they contain personal passwords or login information only (*id.* ¶ 7); and that the remaining documents "are excluded as exempt for the reasons cited by the [Borough]" (*id.* ¶ 8). Concurrently with its order disposing of the substance of the request, the trial court denied Requester's motion for an expedited hearing and shortly thereafter cancelled the September 25, 2019, hearing.[6]

Thereafter, Requester appealed and filed his concise statement of errors complained of on appeal, in which he listed six issues: (1) whether the trial court erred when it allowed the Borough to rely on certain exemptions first raised in its privilege logs and not before; (2) whether the trial court erred in finding that the Borough met its burden of proof to deny access to specific records in the privilege logs; (3) whether the trial court erred by failing to find that the District Attorney erred by holding *ex parte* interviews with the Borough's open records officer and the Borough's police chief and by reviewing and relying upon facts not submitted by either party as a means for denying Requester's appeal; (4) whether the trial court erred when it entered its April 29, 2019, order allowing the Borough additional time to submit evidence in support of denying the request; (5) whether the trial court erred when it denied Requester's request for counsel fees; and (6) whether the trial court erred when it entered its June 27, 2019, order denying Requester's request to supplement his counsel fee claim.

---

[6] The trial court stated in its opinion disposing of Requester's concise statement of errors complained of on appeal that it erred in cancelling the September 25, 2019, hearing as it had not addressed Requester's request for counsel fees. The trial court noted that no one objected to the cancelling of the hearing without resolution of the counsel fees issue.

On appeal, Requester raises the identical issues raised in his concise statement of errors complained of on appeal, arguing that the trial court erred with regard to each.

**Timeliness of Exemptions**

Requester argues that the Borough should not have been permitted to raise new exemptions before the trial court, arguing that the Borough should have raised all exemptions and challenges during the administrative appeal (before review by the trial court), and, in any event, earlier than it actually did. (Requester's Br. at 15-16.) With regard to the first issue, the trial court acknowledged that "[w]hile procedurally, [Requester] may be correct that the Borough should have raised these exceptions earlier in these proceedings," the trial court stated that it would not release personal information that would violate an individual's privacy rights or records that would compromise the security of secure databases related to law enforcement which are otherwise protected. (Trial Court Op. at 6.)

It should be noted at this point in the Court's analysis that *Requester himself* sought in the alternative that the trial court compel the Borough to submit a privilege log for Items 1 through 3 and 6 and 7. (Requester's Petition for Review, ¶¶ 46, 55, 63, 73, and 82, and prayer for relief ¶ 1; R.R. at 7a-53a.) Furthermore, Requester did not object to the Borough's filing of the privilege logs in his response to them. (R.R. at 202a-42a.)

In any event, the trial court's scope of review, sitting as a Chapter 13 court,[7] is as the ultimate finder of fact able to conduct full *de novo* review of appeals

---

[7] This Court and the courts of common pleas are sometimes collectively referred to as the "Chapter 13 courts," in reference to the chapter of the RTKL in which their relevant duties are discussed. *Bowling v. Office of Open Records*, 75 A.3d 453, 458 (Pa. 2013); Sections 1301 and 1302 of the RTKL, 65 P.S. §§ 67.1301 – 1302.

from decisions made by RTKL appeals officers.[8] *Bowling v. Office of Open Records*, 75 A.3d 453, 474 (Pa. 2013). Indeed, because the Chapter 13 courts serve as fact-finders, it follows that these courts must be able to expand the record. *Id.*

Requester cites *Levy v. Senate of Pennsylvania*, 94 A.3d 436 (Pa. Cmwlth. 2014), for the proposition that exemptions and challenges must be raised at the appeals officer stage. However, *Levy* does not stand for this—rather, it requires all challenges must be raised before *the fact-finder* closes the record. In the "ordinary course of RTKL proceedings, this will occur at the appeals officer stage, and a reviewing court will defer to the findings of the appeals officer." *Id.* at 442 (citing *Bowling*, 75 A.3d at 473-74). Where the reviewing court must act as the fact-finder, an agency must raise all its challenges before the close of evidence *before the court*. *Id.*[9] As noted by our Supreme Court in *Bowling*, the limitations of the process

---

[8] The procedure used in this case differs from that in *Bowling* in that that case involved an appeal to the Office of Open Records under Section 503(a) of the RTKL, 65 P.S. § 67.503(a), for local agency records being appealed to a trial court. However, the RTKL provides that requests for criminal investigative records must be reviewed by an appeals officer designated by the district attorney. *See* Section 503(d)(2) of the RTKL, 65 P.S. § 67.503(d)(2).

[9] Requester contends that such leeway is only available in "rare, extraordinary cases" in which the initial reviewing court must act as fact-finder. *Levy*, 94 A.3d at 442. While this case is fairly unusual among the RTKL cases reviewed by this Court in that the District Attorney functioned as the hearing officer instead of the Office of Open Records due to the relation of the requested records to a criminal investigation, we also note that the Supreme Court has stated as follows:

> [T]he General Assembly created, within the [Office of Open Records] and other agencies, a subset of public servants—the appeals officers—who decide appeals from denials of or restrictions on records requests initially made by the agencies in whose custody the records reside. *All appeals officers are directed by the RTKL to make their decisions in an expedited fashion, and they are given considerable discretion to achieve this goal*. However, the RTKL does not require that the appeals officers conduct their

9

afforded by the RTKL at the appeals officer level, including the ability to consult only with the counsel for the agency subject to the request but not the requester, necessitates such a process. *Bowling*, 75 A.3d at 470-474. The Chapter 13 courts have the authority to expand the record to fulfill their statutory role and are entitled to the broadest scope of review. *See id.* at 476.

In another case cited by Requester, *Mission Pennsylvania, LLC v. McKelvey*, 212 A.3d 119 (Pa. Cmwlth. 2019), *appeals granted in part*, *McKelvey v. Pennsylvania Department of Health* (Pa., Nos. 393, 394, 396 MAL 2019, filed January 28, 2020), this Court refused to allow the introduction of additional evidence due to the extensive process afforded to the parties at the appeals officer level by the Office of Open Records. *Id.* at 130. Inasmuch as such a process was not followed by the District Attorney, we find that the trial court did not err in permitting the submission of the privilege logs which asserted additional defenses prior to the close of its record in this case.

**Denial of Access to Specific Records**

Requester next argues that the trial court erred in finding that the Borough met its burden of proof to deny access to specific records in the privilege logs. Here, we note that the trial court, although exercising its authority to conduct an *in camera* review of the requested documents, *see Pennsylvania State Police v.*

---

> determinations in a manner comporting with the process provided under Title 2 [of the Pennsylvania Consolidated Statutes, i.e., the Administrative Agency Law, 2 Pa.C.S. §§501-508, 701-704]. The more streamlined process before appeals officers under the RTKL is apparently designed to dispose of most disputes in an efficient and timely fashion, with the probable contemplation that most disputes will end at the level of the decision of the appeals officer.

*Bowling*, 75 A.3d at 474 (emphasis added).

*Office of Open Records*, 5 A.3d 473, 477 (Pa. Cmwlth. 2010), did not fully meet the requirement under Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a), to render a decision containing findings of fact and conclusions of law, and a clear, concise explanation for the rationale of the decision.

As pointed out by Requester, the trial court's opinion and order do not describe which of the two privilege logs produced by the Borough and the Police Department, containing between them three separately numbered sets of documents, that the trial court was referring to when announcing its decision. In other words, it is not always clear to which document the trial court is referring. While this Court could surmise what the trial court meant, we believe that it is appropriate for the trial court, as fact-finder, to clarify which document is being denied and the reasoning for the denial.

Further, the decision of the trial court denying access to some of the documents requested, as embodied in the June 27, 2019 order and later opinion addressing the concise statement of errors complained of on appeal, is bereft of findings of fact and contains conclusory or unclear statements as to which documents fit within the exemptions claimed. Notably, the trial court declined to address its reasons for denying access to various documents with the statement that "[t]he [trial] [c]ourt will not address each individual document as the documents speak for themselves." (Trial Court Op. at 6.) Although we might ourselves undertake a review of the documents on the record presented (with, as the trial court puts it, the documents "speak[ing] for themselves"), we believe that this matter is best remanded to the trial court for clarification so as to enable further appellate review, if necessary.

11

**Conduct of the District Attorney as Appeals Officer**

Requester contends that the trial court erred by failing to find that the District Attorney improperly held *ex parte* interviews with the Borough's open records officer and the police chief and by reviewing and relying upon facts not submitted by either party as a means for denying Requester's appeal. With respect to the third issue, the trial court stated that it erred in not addressing whether the District Attorney acted inappropriately as appeals officer and suggested remand to address the issue.

In support of his argument, Requester generally cites Section 1102(b)(3) of the RTKL, 65 P.S. § 67.1102(b)(3): "In the absence of a regulation, policy or procedure governing appeals under this chapter, the appeals officer shall rule on procedural matters on the basis of justice, fairness and the expeditious resolution of the dispute." However, as the RTKL requires no hearing or other adversarial process before the appeals officer,[10] and none was held by the District Attorney, there were no procedural matters requiring consultation with Requester or preventing the District Attorney from relying upon facts not formally submitted. At all events, since the trial court heard the matter *de novo*, any procedural irregularities involving the District Attorney's review would be of no moment.

**Requester's Demand for Counsel Fees**

Requester argues that it was entitled to counsel fees because the Borough acted in bad faith and made unreasonable interpretations of law in support

---

[10] Neither the RTKL nor the courts have extended a right to discovery or a right to due process to a requesting party in a RTKL action. *Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 519 (Pa. Cmwlth. 2011).

of denying the request. The trial court acknowledged that it was error for it not to address this issue and suggested that the matter be remanded for it to do so. We agree. Since we are remanding for further action by the trial court regarding the merits of its decision, the issue of counsel fees can be addressed on remand.

## **Conclusion**

We remand this matter to the trial court to identify its ruling as to each document requested and provide a clear, concise explanation for the rationale of the decision as to each category of documents, as well as to address Requester's demand for counsel fees. Further, while we are mindful that the trial court has one judge assigned to Snyder County who is presumably quite busy, we are also cognizant of the time that has passed between Requester's request of the Borough and this opinion. Thus, we direct the trial court to issue a decision disposing of this matter within seventy-five days after remand of the record to the court of common pleas.

 

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary N. Gordon, Esquire,  :
                    Appellant  :
                               :
                      v.       :    No. 866 C.D. 2019
                               :
Selinsgrove Borough            :

# **O R D E R**

AND NOW, this 4th day of June, 2020, the June 27, 2019, order of the Court of Common Pleas of the 17th Judicial District (Snyder County Branch) is VACATED and the matter is REMANDED with instructions for the trial court to issue a decision in accordance with the foregoing opinion within seventy-five days after remand of the record to the court of common pleas.

Jurisdiction is relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge